IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR149 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| | ) | |
| CHRISTOPHER PEET, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Margaret A. Kane, Assistant United States Attorney and hereby files this sentencing memorandum.  The Government agrees with the calculations contained in the Final Presentence Investigation Report filed on November 19, 2019, and asks that a sentence within the guideline range be imposed.  (R. 21: Presentence Investigation Report, PageID 98).

**I. OFFENSE CONDUCT AND GUIDELINE CALCULATION**

    **A.**    **Offense Conduct**

On January 3, 2019, Cleveland Police Department Gang Impact Unit detectives were patrolling the area of West 65th. Street and Lorain Avenue in Cleveland, Ohio. Detectives knew this area to be inundated with gang related crime including firearm violence and drug trafficking.  (Id., PageID 85).  Detectives had recently received information regarding drug trafficking activity in the area from concerned citizens.  Id.

Detectives responded to the area of 6900 Colgate Avenue, Cleveland, Ohio, where they observed three males on the sidewalk.  Id.  They observed a vehicle stop in the middle of the street and one of the males from the sidewalk approach the vehicle.

After a brief interaction with the occupants, the vehicle drove away. Based on their training and experience, detectives believed this to be indicative of drug trafficking. Id.

Detectives approached the three men standing on the sidewalk. The men attempted to flag down the detective's vehicle by waving their hands and yelling "yo". Id. Detectives first passed the area, turned around, and then returned to this same area. The three males then separated from each other and fled on foot. Id., PageID 86). Two unknown males fled southbound through adjacent driveways into backyards. The third male, later identified as PEET, fled northbound across Colgate Avenue. Id. Detectives observed PEET reach into his waistband, remove a firearm, and discard it onto a grassy area in the front yard of 6912 Colgate Avenue. The firearm was loaded with twelve rounds of ammunition. Id. PEET then attempted to run through a fence to avoid law enforcement but fell to the ground. PEET was placed under arrest and Mirandized. He stated that he did not have a gun and wanted to know why he was arrested. Id. .34 grams of crack cocaine was also recovered from PEET'S right hoodie jacket pocket.

**B.      Guideline Calculation**

PEET was indicted on March 13, 2019, in a one count Indictment, charging him with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Id., PageID 85). PEET plead guilty to the Indictment on August 13, 2019, without a written plea agreement. Id.

The Presentence Investigation Report lists the base offense level as 24 (Id., PageID 87). The report also finds that the defendant recklessly created a substantial risk of death or serious bodily injury to himself and others when, while attempting to flee from law enforcement, he reached for a loaded gun that he was concealed on his person and discarded it in a residential

yard pursuant to U.S.S.G. § 3C1.2.  Id.   This increased the offense level by 2 levels.  After a three-level reduction for acceptance of responsibility, the total offense level is 23.  Id.  Based on a total offense level of 23, and a criminal history category of V, the advisory guideline imprisonment range is 84-105 months.  (Id., PageID 98).

At the time of the plea hearing, and when communicating with defense counsel prior to said hearing in plea negotiations, the Government did not consider the 2 level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.2.  This was an inadvertent mistake and was not done to mislead defense counsel or the defendant.  However, after reviewing the Presentence Report and applicable case law, the Government cannot disagree that this specific offense characteristic would apply.

For U.S.S.G. § 3C1.2 to apply, the defendant must (1) recklessly, (2) create a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and this conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.  United States v. Woods, (6th Cir. 2010), 604 F.3d 286.  The Sixth Circuit has upheld this enhancement when a defendant dropped a loaded gun out of an apartment building's stairwell window onto an apartment balcony in a public housing complex where the gun would likely be found by someone.  United States v. May, (6th Cir. 2011), 430 Fed.Appx. 520.  See also United States v. Stafford, (6th Cir. 2013), 721 F.3d 380.  Another Sixth Circuit case recently found that the enhancement did not apply when a defendant brandished a sawed-off shotgun during a robbery and dropped the firearm as he fled in a vehicle driven by his accomplice when the firearm was unloaded and he did not pull out the gun in front of officers.  United States v. Brooks, (6th Cir. 2019), 763 Fed.Appx. 434.  However, May and Stafford

appear to be more factually on point with the present case as PEET pulled a loaded gun from his waistband and discarded it in a residential area as he attempted to flee from police.

## II. SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Under nature and circumstances of the offense, the Government respectfully requests that the Court consider that PEET possessed a firearm shortly after he was observed engaging in behavior that detectives believed to be consistent with drug trafficking.  He then fled from officers and discarded a loaded firearm.  This created a substantial risk of danger to nearby detectives and other citizens.  PEET also had a small amount of narcotics on his person.

The history and characteristics of the defendant show an extensive criminal history replete with firearms and violence.  As a juvenile, he had two convictions for weapons related offenses and one for trafficking in drugs.  (Id., PageID 88-89).  PEET'S adult criminal record began at the age of 18 and shows a long history of firearms and violence.  His first adult conviction was in 1997, in CR-07-349719, for shooting a nine year old female victim and a second male victim with an air rifle.  (Id., PageID 90-91).  He also served ten years in prison for Improper Discharge of a Firearm with Firearm Specification in CR-00-396060, for firing a .22 caliber firearm into a home occupied by a female and two minor female.  PEET'S bullets struck the home.  (Id., PageID 92).  His criminal activity continued even after this long period spend incarcerated.  PEET'S record shows a pattern of drug trafficking with one conviction in 2000 and two in 2011.  (Id., PageID 92-93).  He also has two convictions for domestic violence for physically assaulting two different females.  (Id., PageID 93-95).  Lastly, PEET was convicted of Attempted Felonious Assault with Notice of Prior Conviction Specification and Repeat Violent Offender Specification, where he fractured a female's nose and ankle after hitting her with a board.  PEET served three years in prison for this offense.  (Id., PageID 93-94).  Additionally, PEET was on parole supervision with the Ohio Adult Parole Authority when he committed the instant federal offense.  (Id., PageID 94-95).  PEET'S criminal record shows that he has illegally

possessed firearms in the past and has committed several violent acts towards others even after serving lengthy terms of incarceration.

    For the above mentioned reasons, the Government respectfully asks that this Court impose a sentence within the recommended sentencing guideline range based on the factors provided in 18 USC § 3553(a).

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Margaret A. Kane
       Margaret A. Kane (OH: 0082084)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3624
       (216) 522-7358 (facsimile)
       Margaret.Kane@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of November, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                                  /s/ Margaret A. Kane
                                                  Margaret A. Kane
                                                  Assistant U.S. Attorney