PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:19–CR–00149 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHRISTOPHER PEET, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 37] |
| | ) | |

Pending before the Court is Petitioner Christopher Peet's Motion to Dismiss.  ECF No.37.  The motion is dismissed and transferred to the United States Court of Appeals for the Sixth Circuit for certification pursuant to 28 U.S.C. § 1631.  In the alternative, the motion is dismissed as untimely and denied on the merits.

## I.  Background

### A.  *Procedural History*

Defendant was indicted on March 13, 2019 for violating 18 U.S.C. §§ 922(g)(1) and 924(2)(2).[1]  ECF No. 1.  He pleaded guilty and was sentenced to 96 months in federal prison and three years of supervised release.  ECF No. 25.  Defendant filed a § 2255 motion for post–conviction relief on September 10, 2022.  ECF No. 27; 28 U.S.C. § 2255.  The motion was denied.  ECF No. 35.  Defendant filed the pending motion to dismiss on August 18, 2025.  ECF No. 37.  The Government filed a response in opposition on September 8, 2025.  ECF No. 28.

---

[1] Felon in Possession of a Firearm and Ammunition.

(1:19–CR–00149)

### B. *Party Arguments*

Defendant argues that § 922(g)(1) violates his right "to keep and bear arms" under the Second Amendment of the United States Constitution.  ECF No. 37 at PageID #: 284; 18 U.S.C. 922(g)(1); *see* U.S. Const. amend. II.  More specifically, he contends that his prior criminal convictions were not considered "felonies" in 1791, and thus are not sufficiently "consistent with the Nation's historical tradition of firearm regulation" to deprive him of the right to possess a firearm.  ECF No. 37 at PageID ##: 284–85; *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (U.S., 2022); 18 U.S.C. § 922(g)(1).  Defendant asks the Court to dismiss his sentence with prejudice.  ECF No. 37 at PageID #: 285.

In response, the Government argues that: (1) Defendant's motion is a successive 28 U.S.C. § 2255 petition subject to Sixth Circuit certification; (2) Defendant's motion was not timely filed as required by 28 U.S.C. § 2255(f)(3); and (3) even if Defendant's motion were timely filed, it lacks merit.  ECF No. 38 at PageID ##: 287–88.  The Government asks the Court to transfer the motion to the Sixth Circuit or, in the alternative, deny it.  ECF No. 38 at PageID #: 288.

## II. Discussion

### A. *Petitioner's Motion is a Second or Successive § 2255 Filing Requiring Sixth Circuit Authorization*

A second or successive motion under § 2255 may not be filed without leave from the appropriate court of appeals.  28 U.S.C. §§ 2255(h) and 2244(b)(3); *see Williams v. United States*, 927 F.3d 427, 438-39 (6th Cir. 2019) (requiring a prisoner to obtain authorization from a court of appeals before filing a second § 2255 motion in a district court). When a prisoner submits "a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall

2

(1:19–CR–00149)

transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner first moved for post-conviction relief under § 2255 in 2022.  ECF No. 27; 28 U.S.C. § 2255.  The Court denied that motion, and Petitioner did not appeal.  ECF No. 35. Consequently, the Court takes judicial notice that this is the second or successive such motion filed by Petitioner.  Petitioner is required to obtain certification from the Sixth Circuit Court of Appeals before filing a second motion.  *See* 28 U.S.C. §§ 2255(h)(1)-(2).  The record gives no indication that Petitioner either (a) sought or (b) received such authorization before entering this motion.  *See Christopher Peet v. United States*, Case No. 1:19-CR-00149 (filed Sept. 21, 2023). Accordingly, this action must be transferred to the Sixth Circuit for certification under § 1631. *See* 28 U.S.C. § 1631;  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

**B. *Even if Petitioner's Motion is Not Secondary or Successive, it is Time-Barred Under 28 U.S.C. § 2255(f)(3)***

§ 2255 provides a one-year limitation period that begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 8 U.S.C. § 2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 357-358 (2005).

*Bruen* was decided on June 23, 2022, over three years ago.  *See* 597 U.S. at 1.  Applying § 2255's commands, Petitioner had until June 23, 2023 to file this motion.  He did not file until August 18, 2025, falling 787 days after the statutory cutoff.  ECF No. 37;  *see* 28 U.S.C. §2255(f)(3). Therefore, even if Petitioner's motion is not a second or successive motion requiring authorization under § 2255, it is untimely and therefore subject to dismissal.

3

(1:19–CR–00149)

### C. Petitioner's Criminal Record Places Him Within the Class of Dangerous Felons Whom Congress May Constitutionally Disarm Under § 922(g)(1)

The Sixth Circuit holds that § 922(g)(1) is constitutional both facially and as applied to dangerous persons.  *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024) ("Our nation's historical tradition confirms [the] assumption that felon-in-possession laws are 'presumptively lawful.'") (quoting *D.C. v. Heller*, 554 U.S. 570 (2008).  On review, district courts are directed to consider a defendant's "entire criminal record," not "just the predicate offense" underlying their § 922(g)(1) charge.  *See id.* (holding that defendants with prior convictions for drug trafficking or burglary ("category two crimes") may be prohibited from possessing firearms); *see United States v. Goins*, 118 F.4th794, at 798, 801-05 (6th Cir. 2024) (holding that a firearm ban is valid if the defendant was already barred from possessing firearms due to probation or judicial supervision violations); *see United States v. Gailes*, 118 F.4th 822, 830 (6th Cir. 2024) (holding that a prior misdemeanor domestic violence conviction supports firearm prohibition); 18 U.S.C. §§ 922(g)(1).

Petitioner's criminal record evidences convictions for, among other offenses: (1) drug trafficking; (2) domestic violence; (3) attempted felonious assault; (4) parole violation; (5) firearm possession; and (6) firearm violence.  *See* ECF No. 20.  This history adequately suggests he is a dangerous felon that Congress may constitutionally disarm without violating the Second Amendment.  Accordingly, Petitioner's as applied challenge to the constitutionality of § 922(g)(1) is legally insufficient.  Even if, assuming *arguendo*, the motion were (a) not secondary or successive; and (b) not untimely, it would be denied on the merits.

### IV. Conclusion

Petitioner has not requested authorization from the Sixth Circuit before filing his second or successive motion under 28 U.S.C. § 2255.  Accordingly, the Court transfers this matter to the

(1:19–CR–00149)

Sixth Circuit pursuant to 28 U.S.C. § 1631.  In the alternative, Petitioner's motion is dismissed as

untimely and denied as meritless.  The case is closed subject to further order of the Sixth Circuit.


      IT IS SO ORDERED.


| September 17, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |